1  MONICA Y. KIM (SBN 180139); *myk@lnbyb.com*
2  LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
   10250 Constellation Blvd., Suite 1700
3  Los Angeles, California 90067
   Telephone: (310) 229-1234
4  Facsimile: (310) 229-1244

5  Attorneys for Howard M. Ehrenberg, Chapter 7 Trustee

6                  **UNITED STATES BANKRUPTCY COURT**
7                  **CENTRAL DISTRICT OF CALIFORNIA**
                        **LOS ANGELES DIVISION**
8

9  In re                              )   Case No.  2:13-BK-33058-DS
                                      )
10  RIDGECREST HEALTHCARE, INC.,      )   Chapter 7
                                      )
11                                    )   **NOTICE OF MOTION AND MOTION**
        Debtor and Debtor in Possession. )   **FOR     ORDER     DISALLOWING**
12                                    )   **CALIFORNIA   DEPARTMENT   OF**
                                      )   **HEALTH      CARE     SERVICES'**
13                                    )   **PRIORITY   UNSECURED   CLAIM;**
                                      )   **DECLARATION  OF  HOWARD  M.**
14                                    )   **EHRENBERG**
                                      )
15                                    )   Date:   September 17, 2015
                                      )   Time:   10:30 A.M.
16                                    )   Place:  Courtroom 1339
                                      )           255 E. Temple St.
17                                    )           Los Angeles, CA
                                      )
18                                    )   [Declaration of Monica Y. Kim also filed
                                      )   concurrently herewith]
19                                    )
                                      )
20                                    )
                                      )
21                                    )
                                      )
22                                    )

23      **TO   THE   HONORABLE   DEBORAH   SALTZMAN,   UNITED   STATES**

24  **BANKRUPTCY JUDGE, AFFECTED CLAIMANT AND ITS COUNSEL OF RECORD:**

25          **PLEASE TAKE NOTICE** that a hearing has been scheduled on September 17, 2015 at

26  10:30 a.m., before the Honorable Deborah Saltzman, United States Bankruptcy Judge, in her

27  Courtroom "1339" of the United States Bankruptcy Court for the Central District of California,

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Los Angeles Division, located at 255 East Temple St., Los Angeles, CA, for the Court to consider the motion ("Motion") filed by Howard M. Ehrenberg, the Chapter 7 trustee ("Trustee") for the bankruptcy estate of Ridgecrest Healthcare, Inc., debtor herein ("Debtor"), for an order disallowing the priority unsecured claim of $446,609.20 representing alleged quality assurance fees ("QA Fees") filed by the California Department of Health Care Services ("DHCS") on February 12, 2015, as Amended Claim No. 10-2 ("Claim"). A copy of this Claim is attached as **Exhibit A** to the Declaration of Howard M. Ehrenberg annexed hereto ("Ehrenberg Declaration").

Briefly, and as described more fully in the annexed Memorandum of Points and Authorities, this Motion challeges both the amount and the priority of the Claim. As to the amount of the Claim, the Claim purports to cover QA Fees which were allegedly unpaid by the Debtor between the period from August 1, 2012 to September 16, 2014, the filing date of this case. However, the Claim lacks detail or support as to how the amount was arrived at, and, despite repeated requests for such detail and support as to the Claim amount, such information has not been forthcoming. Indeed, the Claim is simply an estimate of the unpaid QA Fees for the applicable period because the Debtor has not yet filed its reports which it cannot do until DHCS provides the remittance advice (i.e., information and reasons for the payments, adjustments, denials and/or uncovered charges of the Medi-Cal claims) to the Trustee. Despite repeated requests by the Trustee for the remittance advice, DHCS has not supplied the information to the Trustee which is needed for the Trustee to complete and file the estate's reports in order to ascertain whether any QA Fees are owed for the pre-petition period.

As to the priority of the Claim, the Claim indicates that the entire Claim is entitled to priority status pursuant to Section 508(a)(8) of the Bankruptcy Code because QA Fees are alleged to be an "excise tax." However, there is no legal basis that unpaid QA Fees are an excise tax, and the original Claim (Claim No. 10-1)[1] filed by the DHCS for unpaid QA Fees did not

---

[1] The original Claim is attached as **Exhibit B** to the Ehrenberg Declaration.

PRINTED    ON

1

2

3

4

indicate that the Claim was entitled to any priority.  Indeed, proofs of claim filed by DHCS in other bankruptcy proceedings involving skilled nursing facilities for unpaid QA Fees does not indicate that it is a priority claim based on the theory that the liablity is an excise tax.  Based on all of the foregoing, the Claim should be disallowed in full.

5

6

7

**PLEASE READ THIS DOCUMENT CAREFULLY TO DETERMINE THE BASIS FOR THE TRUSTEE'S OBJECTION TO YOUR CLAIM.**  The specific grounds for the Motion are set forth in detail in the attached Memorandum of Points and Authorities.

8

9

10

11

12

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rules 3007-1(b)(3)(A) and 9013-1(f), any response to the Motion must be in writing and filed with the Clerk of the Bankruptcy Court and served upon the United States Trustee and counsel for the Trustee at the address set forth in the upper left-hand corner of the first page hereof not later than fourteen (14) days prior to the scheduled hearing date set forth above.

13

14

15

16

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 3007-1(b)(3)(B), the Court may deem the failure of a party in interest to file a timely response to the Motion to constitute consent to the granting by the Court of the relief requested by the Trustee in the Motion without further notice or hearing.

17

18

Dated: August __, 2015

BANKRUPTCY ESTATE OF RIDGECREST HEALTHCARE, INC.

19

20

By: */s/ Monica Y. Kim*
MONICA Y. KIM
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Attorneys for Howard M. Ehrenberg, Chapter 7 Trustee

21

22

23

24

25

26

27

28

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    STATEMENT OF FACTS

### A.    Background and Current Status of Case

The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on September 16, 2013 ("Petition Date"). Following the Petition Date, the Debtor continued to manage its financial affairs as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code until April 17, 2014 when the Trustee was appointed as a Chapter 11 trustee to handle and administer the affairs of the Debtor and its estate. The appointment of the Trustee resulted from the motion filed by the UST to appoint a Chapter 11 trustee in this case.

The Debtor was engaged in the business of operating a skilled nursing facility located at 1131 N. China Lake Blvd., Ridgecrest, CA 93555 ("Facility"). The Facility is licensed by the California Department of Public Health for 99 beds, and, according to the Debtor, had approximately 75 full-time employees. While the number of patients and patient mix fluctuated day to day, the Debtor's occupancy ranged between 85 to 90 patients.

After careful consideration of all of the circumstances presented by this case and offers from multiple buyers, and in the exercise of his business judgment, the Trustee entered into an asset purchase agreement ("APA") with the landlord of the Facility ("Landlord") on May 29, 2014, pursuant to which the Landlord agreed to purchase, on a private sale basis, the Debtor's facility license, other licenses, permits, medical provider agreements and certain personal property (not including the estate's cash or accounts receivable) for the purchase price of $1 million in addition to releasing all of its claims against the estate ("Sale").

On June 25, 2014, the Court conducted a hearing to consider the Sale, and, on June 30, 2014, entered an order approving the Sale ("Sale Order").

The Sale closed effective July 31, 2014. Effective August 1, 2014, and as provided for by the APA, the Management and Operations Transfer Agreement ("MOTA") and the Sale Order, the Landlord designated Ridgecrest Regional Hospital ("Hospital"), to assume all of the Landlord's obligations under the MOTA. The Trustee consented to the designation, and, the

4

Hospital assumed the management of the Facility under the terms and conditions set forth in the MOTA.

As required, the Hospital also submitted its license application to change the ownership of the Facility's license to its name. The application has now been approved, and the Hospital obtained its license for the Facility effective October 29, 2014.

Given the Sale, shortly after the Sale closed, the Trustee requested that the Court convert the Debtor's case to Chapter 7. This request was granted, and the Debtor's Chapter 11 case was converted to Chapter 7 effective as of September 1, 2014.

## B.     Proofs of Claim Filed by California Department of Health Care Services ("DHCS")

On March 31, 2014, prior to the appointment of the Trustee as the Chapter 11 trustee, DHCS filed a Proof of Claim, Claim No. 10-1, asserting a *general unsecured pre-petition claim* for $192,793.85, based on "Quality Assurance Fees owed to the Medi-Cal Program (Welf. & Inst. Code § 14105, 14126, et seq)." A copy of this original Proof of Claim is attached as **Exhibit B** to the Declaration of Howard M. Ehrenberg ("Ehrenberg Declaration") annexed hereto. According to the documents attached to this claim, this claim covers the period from August 1, 2012 through and including September 15, 2013.

On February 12, 2015, DHCS filed an amended Proof of Claim, Claim No. 10-2, for $446,609.20 ("Claim"), asserting a *priority unsecured pre-petition claim* for $446,609.20, based on "Quality Assurance Fees owed to the Medi-Cal Program (Welf. & Inst. Code § 14105)." A copy of this amended Claim is attached as **Exhibit A** to the Ehrenberg Declaration annexed hereto. According to the documents attached to this claim, this claim also covers the period from August 1, 2012 through and including September 15, 2013. Although the Claim purports to provide an itemized spreadsheet, the spreadsheet that is attached simply provides that, during the rate year 2012-13, quality assurance fees of $390,629.16 were unpaid, and, during the rate year 2013-14, quality assurance fees of $55,980.04 were unpaid. There are no details or support as to what these amounts are based on.

By the Motion, the Trustee objects to both the amount and the priority of the Claim, and

PRINTED    ON
RECYCLED PAPER

request that the Court disallow the Claim in its entirety.

### 1.   What Are Quality Assurance Fees?

According to the website maintained by DHCS, quality assurance fees ("QA Fees") are fees that are imposed on skilled nursing facilities and designated intermediate care facilities as outlined in Assembly Bill (AB) 1629, Health and Safety Code, Sections 1324 through 1324.14, and Sections 1324.20 through 1324.30. The purpose of this program is to provide additional reimbursement for, and to support quality improvement efforts in, licensed skilled nursing facilities. As acknowledged by DHCS in the claims that it has filed in this case, QA Fees are based and calculated on the number of patients at the facility, and the rates determined by DHCS for the relevant rate years. Because the amount of QA Fees that are owed by any particular facility is based on the number of patients at the facility, the exact amount of such fees cannot be ascertained until the facility submits its reports to DHCS as to the number of patient bed census days. If these patient census reports are not timely submitted by a facilty, DHCS simply estimates the QA Fees based on the facility's "annual utilization reports."

In order for the facilty to submit its reports to DHCS as to the number of patient bed census days, however, the facility must have the remittance advice from DHCS. Remittance advice as to Medi-Cal claims provides the information and explanation as to the reasons for the payment, adjustment, denial and/or uncovered charges of such claims. The Trustee is without the remittance advice for the entire period covered by the Claim, and, therefore, has been unable to submit patient census reports for the same period. Since DHCS did not ever receiev these reports from the Debtor or the Trustee, DHCS cannot accurately calculate the QA Fees which may be owed by the Debtor's facility for the applicable period and is simply estimating the fees which may be owed.

For over three months, and through staff and counsel, the Trustee has repeatedly requested the remittance advice from DHCS in order to prepare and file the Facility's reports and to reconcile the Claim. However, the information has not been forthcoming. In addition, the Claim lacks any meaningful information or back up detail as to how the Claim was calculated.

6

PRINTED      ON
RECYCLED PAPER

1   Therefore, until the actual QA Fees can be ascertained based upon the remittance advice and

2   Facility census reports, the Claim cannot be allowed.

3   **2.    QA Fees Are Not Excise Tax.**

4   While the original claim filed by DHCS did not assert any priority status, the amended

5   Claim is being asserted as a priority claim even though the nature and legal basis for the Claim

6   remains the same. Moreover, there is no authority that QA Fees owed by the estate, if any, is an

7   excise tax that is entitled to authority under Section 507(a)(8)(a)(E) of the Bankruptcy Code

8   which provides:

9       "The following expenses and claims have priority in the following order...

10      (8) Eighth, allowed unsecured claims of governmental units, only to the

11          extent that such claims are for –

12      (E) an excise tax on –

13      (i) a transaction occurring before the date of the filing of the petition for

14          which a return is required, is late due, under applicable law or under any

15          extension, after three years before the date of the filing of the petition; or

16      (ii) if a return is not required, a transaction occurring during the three years

17          immediately preceding the date of the filing of the petition."

18

19   The Trustee has not found any California statute or other applicable authority that unpaid QA

20   Fees are an excise tax.

21   Indeed, like the original claim filed by DHCS in this case, DHCS has filed proofs of claim

22   in other bankruptcy proceedings involving skilled nursing facilities for QA Fees as general

23   unsecured claims. See Declaration of Monica Y. Kim and the exhibit attached thereto.

24   Based on the foregoing, the Trustee requests that the Claim be disallowed in full as a

25   priority unsecured claim.

26   **II.    LEGAL STANDARD FOR OBJECTION TO CLAIM**

27   Federal Rule of Bankruptcy Procedure 3001(a) provides that a proof of claim is a written

28

7

PRINTED    ON
RECYCLED PAPER

1

2

3

4

5

statement setting forth a creditor's claim. Federal Rule of Bankruptcy Procedure 3001(f) provides that a proof of claim executed and filed in accordance with "these rules" shall constitute *prima facie* evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f); In re Southern Cal. Plastics, Inc., 165 F.3d 1243, 1247-48 (9th Cir. 1999); In re Garner, 246 B.R. 617, 620-21 (9th Cir. BAP 2000).

6

7

8

9

10

11

12

13

14

However, Federal Rule of Bankruptcy Procedure 3001(f) "operates merely as an evidentiary presumption that is rebuttable." In re Garvida, 347 B.R. 697, 706 (9th Cir. BAP 2006). Once the debtor satisfies its burden of going forward by rebutting the presumption with counter-evidence, the burden of going forward shifts to the claimant. In re Lundell, 223 F.3d 1035, 1039 (9th Cir. 2000); Garvida, 347 B.R. at 706-708. While the "burden of going forward is primarily a procedural matter pertaining to the order of presenting evidence", the substantive burden of proof remains at all times upon the claimant. Garvida, 347 B.R. at 706; Lundell, 223 F.3d at 1039 (ultimate burden of persuasion remains at all times upon the claimant); So. Cal. Plastics, 165 F.3d at 1248.

15

16

17

18

19

20

A claimant must establish by a preponderance of the evidence that its claim should be allowed. Lundell, 223 F.3d at 1039. The objecting party is not required to disprove the claim. In re Kahn, 114 B.R. 40 (Bankr. S.D. N.Y. 1990). The Bankruptcy Court has the power to "sift" the circumstances surrounding any claim to see that injustice or unfairness is not done in the administration of the bankruptcy estate. Pepper vs. Litton, 308 U.S. 295, 304, 60 S.Ct. 238, 244 (1939).

21

22

23

24

25

26

In In re Circle J. Dairy, Inc., 112 B.R. 297 (W.D. Ark. 1989), the Court held that:

A claim, to be legally sufficient and, therefore, to be prima facie valid, under the Bankruptcy Rules, must:
    1)   be in writing;
    2)   make a demand on the debtor's estate;
    3)   express the intent to hold the debtor liable for the debt;
    4)   be properly filed; and
    5)   be based upon facts which would allow, as a matter of equity, to have the document accepted as a proof of claim.

27

Id. at 299-300 (citation omitted).

28

8

1   Under the fifth requirement, the allegations of the proof of claim must set forth all the

2   necessary facts to establish a claim and must not be self-contradictory. The prima facie validity

3   of the claim does not attach unless the claim is in compliance with the Federal Rules of

4   Bankruptcy Procedure ("Rules"), including Rule 3001, and sets forth the facts necessary to

5   support the claim. These requirements for legal sufficiency are consistent with the idea that the

6   proof of claim itself is to be scrutinized with an eye to credibility. In re Circle J. Dairy, Inc., 112

7   B.R. at 299-300 (citations omitted).

8   ### III.   OBJECTION TO THE CLAIM FILED BY CALIFORNIA DEPARTMENT OF

9   ### HEALTH CARE SERVICES

10   DHCS has not met its burden that the Claim should be allowed as a priority unsecured

11   claim. There are no details or back up information as to how the Claim was calculated, and that

12   the Claim is entitled to any priority status. Rather, the Claim is based on estimates which may not

13   correspond to the actual census data, and the asserted priority of the Claim is without any legal

14   authority and contradicts the course of conduct adopted by DHCS in this and other bankruptcy

15   cases.

16   ### IV.   RESERVATION OF RIGHTS

17   The Trustee expressly reserves the right to object, amend, modify or supplement the

18   Motion and to assert additional objections to the Claim, and to any other proofs of claim (filed or

19   not) that may be asserted against the estate by the aforementioned claimant. Should the grounds

20   for disallowance of the claims stated in the Motion be deemed insufficient, the Trustee reserves

21   his rights to object on any other grounds that the Trustee discovers during the time that this case is

22   pending.

23   ### V.   CONCLUSION

24   For the reasons set forth above, the Trustee respectfully requests that the Court enter an

25   order (i) granting the Motion in its entirety; (ii) sustaining the Trustee's objections to the Claim

26   and disallowing the Claim in its entirety; and (iii) granting such other and further relief the Court

27

28

PRINTED     ON
RECYCLED PAPER

1   deems just and proper.

2   Dated:  August __, 2015      BANKRUPTCY ESTATE OF RIDGECREST

3                      HEALTHCARE, INC.

4                      By: */s/ Monica Y. Kim*
                          MONICA Y. KIM

5                      LEVENE, NEALE, BENDER,YOO & BRILL L.L.P.
                        Attorneys for Howard M. Ehrenberg, Former Chapter 11

6                      Trustee and Current Chapter 7 Trustee

PRINTED    ON
RECYCLED PAPER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF HOWARD M. EHRENBERG

I, Howard M. Ehrenberg, hereby declare as follows:

1.      During the period from April 17, 2014 through August 31, 2014, I served as the Chapter 11 trustee ("Trustee") for the estate of Ridgecrest Healthcare, Inc., debtor herein ("Debtor"). Effective September 1, 2014, I was duly appointed to serve as the Chapter 7 trustee of this estate. I have personal knowledge of the facts set forth herein, and, if called as a witness, could and would testify competently with respect thereto.

2.      The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on September 16, 2013 ("Petition Date"). Following the Petition Date, the Debtor continued to manage its financial affairs as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code until April 17, 2014 when I was appointed as the Chapter 11 Trustee to handle and administer the affairs of the Debtor and its estate. The appointment of me as the Trustee resulted from the motion filed by the UST to appoint a Chapter 11 trustee in this case.

3.      The Debtor was engaged in the business of operating a skilled nursing facility located at 1131 N. China Lake Blvd., Ridgecrest, CA 93555 ("Facility"). The Facility is licensed by the California Department of Public Health for 99 beds, and, according to the Debtor, had approximately 75 full-time employees. While the number of patients and patient mix fluctuated day to day, the Debtor's occupancy ranged between 85 to 90 patients.

4.      After careful consideration of all of the circumstances presented by this case and offers from multiple buyers, and in the exercise of his business judgment, I entered into an asset purchase agreement ("APA") with the landlord of the Facility ("Landlord") on May 29, 2014, pursuant to which the Landlord agreed to purchase, on a private sale basis, the Debtor's facility license, other licenses, permits, medical provider agreements and certain personal property (not including the estate's cash or accounts receivable) for the purchase price of $1 million in addition to releasing all of its claims against the estate ("Sale").

5.      On June 25, 2014, the Court conducted a hearing to consider the Sale, and, on June

PRINTED    ON
RECYCLED PAPER

1    30, 2014, entered an order approving the Sale ("Sale Order").

2         6.    The Sale closed effective July 31, 2014. Effective August 1, 2014, and as
3    provided for by the APA, the Management and Operations Transfer Agreement ("MOTA") and
4    the Sale Order, the Landlord designated Ridgecrest Regional Hospital ("Hospital"), to assume all
5    of the Landlord's obligations under the MOTA. I consented to the designation, and, the Hospital
6    assumed the management of the Facility under the terms and conditions set forth in the MOTA.

7         7.    As required, the Hospital also submitted its license application to change the
8    ownership of the Facility's license to its name. The application has now been approved, and the
9    Hospital obtained its license for the Facility effective October 29, 2014.

10        8.    Given the Sale, shortly after the Sale closed, I requested that the Court convert the
11   Debtor's case to Chapter 7. This request was granted, and the Debtor's Chapter 11 case was
12   converted to Chapter 7 effective as of September 1, 2014.

13        9.    On March 31, 2014, prior to my appointment as Chapter 11 trustee, DHCS filed a
14   Proof of Claim, Claim No. 10-1, asserting a **general unsecured pre-petition claim** for
15   $192,793.85, based on "Quality Assurance Fees owed to the Medi-Cal Program (Welf. & Inst.
16   Code § 14105, 14126, et seq)." A copy of this original Proof of Claim is attached hereto as
17   **Exhibit B**. According to the documents attached to this claim, this claim covers the period from
18   August 1, 2012 through and including September 15, 2013.

19        10.   On February 12, 2015, DHCS filed an amended Proof of Claim, Claim No. 10-2,
20   for $446,609.20 ("Claim"), asserting a **priority unsecured pre-petition claim** for $446,609.20,
21   based on "Quality Assurance Fees owed to the Medi-Cal Program (Welf. & Inst. Code § 14105)."
22   A copy of this amended Claim is attached hereto as **Exhibit A**. According to the documents
23   attached to this claim, this claim also covers the period from August 1, 2012 through and
24   including September 15, 2013. Although the Claim purports to provide an itemized spreadsheet,
25   the spreadsheet that is attached simply provides that, during the rate year 2012-13, quality
26   assurance fees of $390,629.16 were unpaid, and, during the rate year 2013-14, quality assurance
27   fees of $55,980.04 were unpaid. There are no details as to what these amounts are based on.

28

12

1    11.    By the Motion, I am objecting to both the amount and the priority of the Claim,

2    and request that the Court disallow the Claim in its entirety.

3    12.    According to the website maintained by DHCS, quality assurance fees ("QA

4    Fees") are fees that are imposed on skilled nursing facilities and designated intermediate care

5    facilities as outlined in Assembly Bill (AB) 1629, Health and Safety Code, Sections 1324 through

6    1324.14, and Sections 1324.20 through 1324.30. The purpose of this program is to provide

7    additional reimbursement for, and to support quality improvement efforts in, licensed skilled

8    nursing facilities. As acknowledged by DHCS in the claims that it has filed in this case, QA Fees

9    are based and calculated on the number of patients at the facility, and the rates determined by

10   DHCS for the relevant rate years. I am informed that, bcecause the amount of QA Fees that are

11   owed by any particular facility is based on the number of patients at the facility, the exact amount

12   of such fees cannot be ascertained until the facility submits its reports to DHCS as to the number

13   of patient bed census days. I am further informed that if these patient census reports are not

14   timely submitted by a facilty, DHCS simply estimates the QA Fees based on the facility's "annual

15   utilization reports."

16   13.    I am informed that in order for the facilty to submit its reports to DHCS as to the

17   number of patient bed census days, however, the facility must have the remittance advice from

18   DHCS. Remittance advice as to Medi-Cal claims provides the information and explanation as to

19   the reasons for the payment, adjustment, denial and/or uncovered charges of such claims. I am

20   without the remittance advice for the entire period covered by the Claim, and, therefore, have

21   been unable to submit patient census reports for the same period. Since DHCS lacks these

22   reports, DHCS cannot accurately calculate the QA Fees which may be owed by the Debtor's

23   facility for the applicable period and is simply estimating the fees which may be owed.

24   14.    For over three months, my staff and counsel have repeatedly requested the

25   remittance advice from DHCS in order to reconcile the Claim. However, the information has not

26   been forthcoming. In addition, the Claim lacks any meaningful information or back up details as

27   to how the Claim was calculated. Therefore, until the actual QA Fees can be ascertained based

28

13

PRINTED       ON
RECYCLED PAPER

1    upon the reports, the Claim cannot be allowed.

2    15.    While the original claim filed by DHCS did not assert any priority status, the

3    amended Claim is being asserted as a priority claim even though the nature and legal basis for the

4    Claim remains the same. However, I am advised that there is no authority that QA Fees owed by

5    the Debtor, if any, is an excise tax that is entitled to authority under Section 507(a)(8)(a)(E) of the

6    Bankruptcy Code. Based on the foregoing, I request that the Claim be disallowed in full as a

7    priority unsecured claim.

8    I declare under penalty of perjury under the laws of the United States that the foregoing is

9    true and correct.

10    Executed this _13th_ day of August 2015 at Los Angeles, California.

12    HOWARD M. EHRENBERG

14

**EXHIBIT A**

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT, Central District of California | **AMENDED PROOF OF CLAIM** |
|---|---|

| Name of Debtor:<br><br>Ridgecrest Healthcare, Inc | Case Number: DS<br><br>**13-33058** | **FILED**<br><br>**FEB 1 2 2015**<br><br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:                    Deputy Clerk |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br><br>**California Department of Health Care Services** | **COURT USE ONLY** |
|---|---|
| Name and address where notices should be sent:<br><br>**California Department of Health Care Services**<br>**Attn: Office of Legal Services, MS 0010**<br>**P.O. Box 997413**<br>**Sacramento, CA 95899-7413** | ❑ Check this box if this claim amends a previously filed claim.<br><br>Court Claim Number: __10__<br>(*If known*)<br><br>Filed on: _____ |
| Telephone number: (916) 440-7857    email: Steven.Oldham@dhcs.ca.gov | ❑ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

1. Amount of Claim as of Date Case Filed:    $ **446,609.20**

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:** __Quality Assurance Fees owed to the Medi-Cal Program (Welf. & Inst. Code, § 14105).__
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor:<br><br>206154001 | 3a. Debtor may have scheduled account as:<br>**Dept. of Health Care Services** | 3b. Uniform Claim Identifier (optional):<br><br>(See instruction #3b) |
|---|---|---|

| 4. Secured Claim (See instruction #4)<br>Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information. | Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:<br><br>$ _____ |
|---|---|
| Nature of property or right of setoff: ❑Real Estate  ❑Motor Vehicle  ❑Other<br>Describe: | Basis for perfection: _____ |
| Value of Property: $_____ | Amount of Secured Claim: $ _____ |
| Annual Interest Rate_____% ❑Fixed  or  ❑Variable<br>(when case was filed) | Amount Unsecured: $ _____ |

5. **Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

| ❑ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B). | ❑ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4). | ❑ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5). | **Amount entitled to priority:** |
|---|---|---|---|
| ❑ Up to $2,775* of deposits toward purchase, lease, or rental of property or of services for personal, family, or household ). use – 11 U.S.C. § 507 (a)(7). | ☑ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8). Excise tax. | ❑ Other – Specify applicable paragraph 11 U.S.C. § 507 (a)( | $ 446,609.20 _____ |

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13)    2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

◻ I am the creditor.    ☑ I am the creditor's authorized agent.    ◻ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ◻ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:    Steven A. Oldham
Title:    Senior Attorney
Company:    Department of Health Care Services
Address and telephone number (if different from notice address above):

(Signature)    (Date)

Telephone number: (916) 341-7345    email: Steven.Oldham@dhcs.ca.gov

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B10 (Official Form 10) (04/13)                                                                                                    3

_____DEFINITIONS_____             _____INFORMATION_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.


State of California—Health ᵃⁿᵈ Human Services Agency
# Department of Health Care Services



**TOBY DOUGLAS**
*DIRECTOR*

**EDMUND G. BROWN JR.**
*GOVERNOR*

**FEB 0 9 2015**

United States Bankruptcy Court
Attn: Kathleen Campbell, Clerk of the Court
255 East Temple Street
Los Angeles, CA 90012

**Re: Ridgecrest Healthcare, Inc., U.S. Bankruptcy Court, Central District of
California, Case No. 13-33058.**

To Whom it May Concern:

On behalf of the Department of Health Care Services (Department) enclosed for filing is an
original and two copies of our **Amended Proof of Claim** for the amount of $446,609.20,
including a Declaration with an itemized spreadsheet in support of the Department's Proof
of Claim.

Please return an endorsed-filed copy of the Proof of Claim in the enclosed stamped,
self-addressed envelope.

Sincerely,

Kevin Donohue
Assistant Chief Counsel

*Steven A. Oldham*

Steven A. Oldham
Senior Attorney

Enclosures

1                     UNITED STATES BANKRUPTCY COURT

2                     CENTRAL DISTRICT OF CALIFORNIA

3    In re:                                 )       CASE NO. 13-33058-DS

4                                    )       Chapter 7

      RIDGECREST HEALTHCARE, INC.        )

5                                    )

6                    Debtor          )

7                                    )       **DECLARATION OF**
                                     )       **BRIAN CLAUSSE**

8                                    )       **IN SUPPORT OF**

9                                    )       **DEPARTMENT OF**
                                     )       **HEALTH CARE SERVICES'**

10                                    )       **AMENDED PROOF OF CLAIM**

11                                    )

12    _____ )

13

14

15      I, Brian Clausse, declare:

16      1.      I am currently an Associate Governmental Program Analyst (AGPA) in

17 the Quality Assurance Fee Unit of the Third Party Liability and Recovery Division

18 (TPLRD) of the California Department of Health Care Services (DHCS). I have been

19 continuously employed by DHCS' TPLRD since January 1, 2005. I have personal

20 knowledge of the matters stated herein, and if called as a witness, I could testify

21 competently to them.

22      2.      My responsibilities include serving as a collector of Quality Assurance

23 Fees (QAF) for the Quality Assurance Fee Unit located at 1500 Capitol Avenue, MS

24 4720, Sacramento, CA 95814.

25      3.      I am authorized to, and hereby do, certify the genuineness of the

26 documents attached as exhibits to this declaration.

27      4.      A Quality Assurance Fee is a fee owed by skilled nursing facilities to the

State of California and collected by the Department of Health Care Services (Health

1   and Safety Code sections 1324.20-1324.30). It is based on the number of patient
2   days at the facility.

3       5.   For the Quality Assurance Fee liabilities, I certify that the document
4   attached is a true and correct copy of DHCS' Quality Assurance Fee calculations
5   based on Office of Statewide Health Planning & Development (OSHPD) annual
6   utilization reports for 2012 and 2013 for Ridgecrest Healthcare, Inc., OSHPD number
7   206154001, NPI Number 1265649768, located at 1131 N. China Lake Blvd.,
8   Ridgecrest, CA 93555.

9       A. Exhibit A – Debtor has outstanding pre-petition QAF liabilities of
10  **$390,629.16** for the 2012-13 rate year and **$55,980.04** for the 2013-14 rate year. The
11  spreadsheet prepared by me summarizes the Debtor's liabilities totaling **$446,609.20**
12  for periods up to the bankruptcy petition date, September 16, 2013. The data in this
13  spreadsheet is in six main columns, which are described as follows:

14          (1) RATE YEAR – this is the fiscal year period. The QAF fiscal
15          year reporting is August 1 through July 31.
16          (2) BED DAYS – this is the number of patient bed census days
17          reported by the facility. DHCS' calculations are estimated
18          based on the Debtor's OSHPD annual utilization reports.
19          (3) RATE – this is the QAF rate as determined by DHCS Rates
20          and Development Branch per California Health and Safety
21          Code, sections 1324.20-1324.30.
22          (4) AMOUNT DUE – this is calculated by multiplying the bed days
23          by the rate for the period.
24          (5) AMOUNT RECEIVED – this is the amount of money received
25          from the Debtor and applied to the QAF period.
26          (6) OUTSTANDING BALANCE – this is the outstanding amount
27          owed by the Debtor.

6.    I certify that the total amount of **$446,609.20** is the true and correct amount of Debtor's pre-petition Quality Assurance Fee (QAF) liability that is due and payable.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 6th day of January 2015, at Sacramento, California.

BRIAN CLAUSSE

-3-

Exhibit A

## *Quality Assurance Fee Balance Summary* (updated 01/06/2015)

RIDGECREST HEALTHCARE CENTER  (NPI# 1265649768)  (OSHPD# 206154001)

### PRE-PETITION DEBT

| RATE YEAR (PERIOD) | BED DAYS | | RATE | AMOUNT DUE | | AMOUNT RECEIVED | | OUSTANDING BALANCE |
|---|---|---|---|---|---|---|---|---|
| 2012-13 (08/01/12-07/31/13) | 28,077 | x | $15.61 | $438,281.97 | - | $47,652.81 | = | $390,629.16 |
| 2013-14 (08/01/13-09/15/13)* | 3,628 | x | $15.43 | $55,980.04 | - | $0.00 | = | $55,980.04 |
| Total PRE-PETITION Outstanding Balance | | | | | | | | $446,609.20 |

*Amount Due for 2013-14 is for partial rate year up to the bankruptcy petition date only.

# Exhibit A

Exhibit A

## *Quality Assurance Fee Balance Summary* (updated 01/06/2015)

RIDGECREST HEALTHCARE CENTER  (NPI# 1265649768)  (OSHPD# 206154001)

### PRE-PETITION DEBT

| RATE YEAR (PERIOD) | BED DAYS | RATE | AMOUNT DUE | | AMOUNT RECEIVED | | OUSTANDING BALANCE |
|---|---|---|---|---|---|---|---|
| 2012-13 (08/01/12-07/31/13) | 28,077 x | $15.61 | $438,281.97 | - | $47,652.81 | = | $390,629.16 |
| 2013-14 (08/01/13-09/15/13)* | 3,628 x | $15.43 | $55,980.04 | - | $0.00 | = | $55,980.04 |
| **Total PRE-PETITION Outstanding Balance** | | | | | | | **$446,609.20** |

*Amount Due for 2013-14 is for partial rate year up to the bankruptcy petition date only.

Exhibit A

## Quality Assurance Fee Balance Summary (updated 01/06/2015)

RIDGECREST HEALTHCARE CENTER (NPI# 1265649768) (OSHPD# 206154001)

PRE-PETITION DEBT

| RATE YEAR (PERIOD) | BED DAYS | | RATE | AMOUNT DUE | AMOUNT RECEIVED | | OUTSTANDING BALANCE |
|---|---|---|---|---|---|---|---|
| 2012-13 (08/01/12-07/31/13) | 28,077 | x | $15.61 | $438,281.97 | - | $47,652.81 = | $390,629.16 |
| 2013-14 (08/01/13-09/15/13)* | 3,628 | x | $15.43 | $55,980.04 | - | $0.00 = | $55,980.04 |
| **Total PRE-PETITION Outstanding Balance** | | | | | | | **$446,609.20** |

*Amount Due for 2013-14 is for partial rate year up to the bankruptcy petition date only.

**EXHIBIT B**

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT, Central District of Californa | | **PROOF OF CLAIM** |
|---|---|---|

| Name of Debtor:<br><br>Ridgecrest Healthcare, Inc | Case Number:<br><br>13-33058 | |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

**California Department of Health Care Services**

| Name and address where notices should be sent:<br><br>**California Department of Health Care Services**<br>**Attn: Office of Legal Services, MS 0010**<br>**P.O. Box 997413**<br>**Sacramento, CA 95899-7413** | **COURT USE ONLY**<br>⊓ Check this box if this claim amends a previously filed claim.<br><br>Court Claim Number: _____<br>(*If known*)<br><br>Filed on:_____ |
|---|---|

| Name and address where payment should be sent (if different from above): | ⊓ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |
|---|---|

| Telephone number: (916) 440-7857        email: Steven.Oldham@dhcs.ca.gov | **FILED** |
|---|---|

**1. Amount of Claim as of Date Case Filed:**        $ **192,793.85**

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**MAR 3 1 2014**

**CLERK U.S. BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
By:_____ Deputy Clerk

**2. Basis for Claim:**  Quality Assureance Fees owed to the Medi-Cal Program (Welf. & Inst. Code, § 14105, 14126, et seq).
(See instruction #2)

| **3.  Last four digits of any number by which creditor identifies debtor:**<br><br>206154001 | **3a.  Debtor may have scheduled account as:**<br>**Dept. of Health Care Services** | **3b. Uniform Claim Identifier (optional):**<br><br>(See instruction #3b) |
|---|---|---|

| **4. Secured Claim** (See instruction #4)<br>Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.<br><br>Nature of property or right of setoff: ⊓Real Estate  ⊓Motor Vehicle  ⊓Other<br>Describe: | **Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**<br><br>$_____<br><br>**Basis for perfection:** _____ |
|---|---|

| Value of Property: $_____ | **Amount of Secured Claim:**  $_____ |
|---|---|
| **Annual Interest Rate**_____ % ⊓Fixed  or  ⊓Variable<br>**(when case was filed)** | **Amount Unsecured:**  $_____ |

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).  If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

| ⊓ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B). | ⊓ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4). | ⊓ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5). |  |
|---|---|---|---|
| ⊓ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7). | ⊓ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8). | ⊓ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__ ). | **Amount entitled to priority:**<br><br>$_____ |

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13)                                                                                                                          2

7. **Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

8. **Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.      ☑ I am the creditor's authorized agent.      ☐ I am the trustee, or the debtor,      ☐ I am a guarantor, surety, indorser, or other codebtor.
                                                                      or their authorized agent.                (See Bankruptcy Rule 3005.)
                                                                      (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  ___Steven A. Oldham___

Title:  ___Senior Attorney___

Company:  ___Department of Health Care Services___

Address and telephone number (if different from notice address above):

_____

_____

(Signature)                          (Date)

Telephone number: (916) 440-7857          email:  Steven.Oldham@dhcs.ca.gov

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law.  In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number.  If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case.  A separate space is provided for the payment address if it differs from the notice address.  The creditor has a continuing obligation to keep the court informed of its current address.  See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing.  Follow the instructions concerning whether to complete items 4 and 5.  Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred.  Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.  If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured.  (See Definitions.)  If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority.  (See Definitions.)  A claim may be partly priority and partly non-priority.  For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d).  If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it.  FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief.  Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration.  Print the name and title, if any, of the creditor or other person authorized to file this claim.  State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

_____DEFINITIONS_____                                                                      ____INFORMATION_____

**Debtor**

A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**

A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**

A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**

A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**

A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**

An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**

Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**

Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**

To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**

Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

1        UNITED STATES BANKRUPTCY COURT

2        NORTHERN DISTRICT OF CALIFORNIA

3

4   In re:                                    )    CASE NO. 13-33058-PC
                                              )    Chapter 11
    RIDGECREST HEALTHCARE, INC.               )
5                                             )
                                              )
6              Debtor                         )
                                              )
7                                             )    **DECLARATION OF
                                              )    BRIAN CLAUSSE**
8                                             )    **IN SUPPORT OF**
                                              )    **DEPARTMENT OF**
9                                             )    **HEALTH CARE SERVICES'**
                                              )    **PROOF OF CLAIM**
10                                            )
                                              )
11                                            )
_____)
12

13

14

15       I, Brian Clausse, declare:

16       1.      I am currently an Associate Governmental Program Analyst (AGPA) in

17   the Quality Assurance Fee Unit of the Third Party Liability and Recovery Division

18   (TPLRD) of the California Department of Health Care Services (DHCS).   I have been

19   continuously employed by DHCS' TPLRD since January 1, 2005.  I have personal

20   knowledge of the matters stated herein, and if called as a witness, I could testify

21   competently to them.

22       2.      My responsibilities include serving as a collector of Quality Assurance

23   Fees (QAF) for the Quality Assurance Fee Unit located at 1500 Capitol Avenue, MS

24   4720, Sacramento, CA  95814.

25       3.      I am authorized to, and hereby do, certify the genuineness of the

26   documents attached as exhibits to this declaration.

27       4.      A Quality Assurance Fee is a fee owed by skilled nursing facilities to the

     State of California and collected by the Department of Health Care Services (Health

                                          -1-

1    and Safety Code sections 1324.20-1324.30). It is based on the number of patient
2    days at the facility.

3    5.    For the Quality Assurance Fee liabilities, I certify that the document
4    attached is a true and correct copy of DHCS' Quality Assurance Fee calculations
5    based on Office of Statewide Health Planning & Development (OSHPD) annual
6    utilization reports for 2012 and 2013 for Ridgecrest Healthcare, Inc., OSHPD number
7    206154001, NPI Number 1265649768, located at 1131 N. China Lake Blvd.,
8    Ridgecrest, CA 93555.

9    A. Exhibit A – Debtor has outstanding pre-petition QAF liabilities of
10   **$136,813.81** for the 2012-13 rate year and **$55,980.04** for the 2013-14 rate year. The
11   spreadsheet prepared by me summarizes the Debtor's liabilities totaling **$192,793.85**
12   for periods up to the bankruptcy petition date, September 16, 2013. The data in this
13   spreadsheet is in six main columns, which are described as follows:

14   (1) RATE YEAR – this is the fiscal year period. The QAF fiscal
15   year reporting is August 1 through July 31.

16   (2) BED DAYS – this is the number of patient bed census days
17   reported by the facility. DHCS' calculations are estimated
18   based on the Debtor's OSHPD annual utilization reports.

19   (3) RATE – this is the QAF rate as determined by DHCS Rates
20   and Development Branch per California Health and Safety
21   Code, sections 1324.20-1324.30.

22   (4) AMOUNT DUE – this is calculated by multiplying the bed days
23   by the rate for the period.

24   (5) AMOUNT RECEIVED – this is the amount of money received
25   from the Debtor and applied to the QAF period.

26   (6) OUTSTANDING BALANCE – this is the outstanding amount
27   owed by the Debtor.

-2-

1    6.    I certify that the total amount of **$192,793.85** is the true and correct

2  amount of Debtor's pre-petition Quality Assurance Fee (QAF) liability that is due and

3  payable.

4    I declare under penalty of perjury that the foregoing is true and correct.

5  Executed on this 24th day of March 2014, at Sacramento, California.

6

7

8

9  BRIAN CLAUSSE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# Exhibit A

Exhibit A

## *Quality Assurance Fee Balance Summary* (updated 03/24/2014)

RIDGECREST HEALTHCARE CENTER (NPI# 1265649768) (OSHPD# 206154001)

| RATE YEAR (PERIOD) | BED DAYS | | RATE | PRE-PETITION DEBT | | | | OUTSTANDING BALANCE |
|---|---|---|---|---|---|---|---|---|
| | | | | AMOUNT DUE | | AMOUNT RECEIVED | | |
| 2012-13 (08/01/12-07/31/13) | 28,077 | x | $15.61 | $438,281.97 | - | $301,468.16 | = | $136,813.81 |
| 2013-14 (08/01/13-09/15/13)* | 3,628 | x | $15.43 | $55,980.04 | - | $0.00 | = | $55,980.04 |
| Total PRE-PETITION Outstanding Balance | | | | | | | | $192,793.85 |

*Amount Due for 2013-14 is for partial rate year up to the bankruptcy petition date only.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **NOTICE OF MOTION AND MOTION FOR ORDER DISALLOWING CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES' PRIORITY UNSECURED CLAIM; DECLARATION OF HOWARD M. EHRENBERG** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) August 17, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On August 17, 2015 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Steven A. Oldham
Senior Attorney
California Department of Health Care Services
Attn:  Office of Legal Services, MS 0010
P.O. Box 997413
Sacramento, CA 95899-7413

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on August 17, 2015 I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Via attorney Service
The Honorable Deborah J. Saltzman
U. S. Bankruptcy Court,
255 E. Temple Street, Suite 1334
Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 17, 2015 | Jason Klassi | /s/ Jason Klassi |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**2:13-bk-33058-DS Notice will be electronically mailed to:**

Paul S Arrow on behalf of Creditor Courtesy NEF
parrow@buchalter.com, ifs_filing@buchalter.com;salarcon@buchalter.com

Howard M Ehrenberg (TR)
ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com;C123@ecfcbis.com;hehrenberg@ecf.inforuptcy.com

David Guess on behalf of Creditor Ridgecrest HealthCare Investments L.P.
dguess@ktbslaw.com

Jeffrey V Hernandez on behalf of Accountant El Taxman
jhernandez@hernandezlegalgroup.com

Jeffrey V Hernandez on behalf of Attorney Hernandez Legal Group APC
jhernandez@hernandezlegalgroup.com

Jeffrey V Hernandez on behalf of Debtor Ridgecrest Healthcare Inc.
jhernandez@hernandezlegalgroup.com

Jeffrey V Hernandez on behalf of Special Counsel Virgil L Roth
jhernandez@hernandezlegalgroup.com

Monica Y Kim on behalf of Creditor Courtesy NEF
myk@lnbrb.com

Monica Y Kim on behalf of Trustee Howard M Ehrenberg (TR)
myk@lnbrb.com

Kenneth G Lau on behalf of U.S. Trustee United States Trustee (LA)
kenneth.g.lau@usdoj.gov

Elan S Levey on behalf of Creditor Secretary of the U.S. Department of Health and Human Services on behalf
of the Centers for Medicare and Medicaid Services
elan.levey@usdoj.gov, louisa.lin@usdoj.gov

Ivan M Lopez Ventura on behalf of Debtor Ridgecrest Healthcare Inc.
ilecfbknotices@gmail.com

Kelly L Morrison on behalf of U.S. Trustee United States Trustee (LA)
kelly.l.morrison@usdoj.gov

Steven G Polard on behalf of Interested Party Ridgecrest Regional Hospital
stevenpolard@dwt.com, melissastrobel@dwt.com;Linapearmain@dwt.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    **F 9013-3.1.PROOF.SERVICE**

Jill Sturtevant on behalf of U.S. Trustee United States Trustee (LA)
jill.sturtevant@usdoj.gov

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                  **F 9013-3.1.PROOF.SERVICE**